## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEPARTMENT OF VETERANS
   AFFAIRS,

              Petitioner,

        v.

JAMES MARKEY,

              Respondent.

DOCKET NUMBER
CB-7521-16-0013-N-1

DATE: May 17, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

Christina Knott, Esquire, and Hansel Cordeiro, Esquire, Washington, D.C.,
   for the petitioner.

Cheri L. Cannon, Esquire, Washington, D.C., for the respondent.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## ORDER DISMISSING REQUEST FOR A STAY

¶1     The respondent has filed an Emergency Request for a Protective Order and for a Stay in this appeal. For the following reasons, the request is DISMISSED as moot.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The respondent was employed by the Department of Veterans Affairs (DVA or agency) as a Veterans Law Judge (VLJ).  *Department of Veterans Affairs v. Markey*, CB-7521-16-0013-T-1, Initial Appeal File (IAF), Tab 1 at 153, 176.  On February 1, 2016, DVA filed a complaint under 38 U.S.C. § 7101A(e)(2), to be conducted pursuant to 5 U.S.C. § 7521, requesting that the Board find good cause to remove the respondent for conduct unbecoming a VLJ and for misuse of Government resources.  *Id.* at 4-14.  Following a hearing, the presiding administrative law judge issued an initial decision finding that DVA proved both of its charges, the respondent failed to prove his affirmative defenses, and DVA had good cause to remove the respondent from his VLJ position.  IAF, Tab 33, Initial Decision (ID).

¶3    In the initial decision, dated November 9, 2017, the presiding administrative law judge notified the respondent of his review rights.  ID at 1, 54-61.  Of relevance here, the notice informed him that the initial decision would become final on December 14, 2017, unless a petition for review was filed by that date.  ID at 54.

¶4    It is undisputed that, on November 20, 2017, DVA notified the respondent that it would remove him, effective November 24, 2017.  Request for Stay (RFS) File, Tab 1 at 3, Tab 4 at 5.  On November 22, 2017, the respondent filed the present Emergency Request for a Protective Order and for a Stay.  RFS File, Tab 1.  DVA subsequently removed the respondent, effective November 24, 2017.  RFS File, Tab 4 at 7.

¶5    On November 30, 2017, the Acting Clerk of the Board issued an order informing the parties that the Board lacked a quorum and that, as a result, the issues raised in the respondent's request and DVA's response would await a decision until a quorum was restored.  RFS File, Tab 5.  The administrative law judge's initial decision became the final decision of the Board on December 14, 2017, when neither party petitioned for review.  ID at 54.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    In his Emergency Request for a Protective Order and for a Stay, the respondent seeks that the Board issue a protective order and stay prohibiting DVA from removing him from Federal service "until such time as the order becomes a final decision of the MSPB."  RFS File, Tab 1 at 2-3.  As stated above, the initial decision became the final decision of the Board on December 14, 2017, when neither party petitioned for review.  ID at 54.

¶7    The Board consistently has held that a case is moot when the issues it raises are no longer live.  *See Gregory v. U.S. Postal Service*, 91 M.S.P.R. 52, ¶ 6 (2002); *Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 195 (1996); *Occhipinti v. Department of Justice*, 61 M.S.P.R. 504, 507 (1994).  Here, although the respondent's request for a protective order and stay of his removal was a live controversy when he filed it on November 22, 2017, DVA effected his removal 2 days later, on November 24, 2017.  RFS File, Tab 4 at 7.  Accordingly, there is no longer a live controversy for the Board to adjudicate because DVA has already removed the appellant.  *See Occhipinti*, 61 M.S.P.R. at 507 (holding that there must be a live case or controversy when a case is decided, not merely when the complaint is filed) (citing *Spectronics Corp. v. H .B. Fuller Co.*, *Inc.*, 940 F.2d 631, 635 (Fed. Cir. 1991)).  We therefore find the respondent's request moot.  *Id.* The Board is specifically prohibited from issuing advisory opinions and thus may not render an opinion in a matter that is moot.  5 U.S.C. § 1204(h); *Gregory*, 91 M.S.P.R. 52, ¶ 7.

¶8        Accordingly, the respondent's request is dismissed.


FOR THE BOARD:               /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.